[Civ. No. 53153. First Dist., Div. Four. Dec. 4, 1981.]

GARY RINDAK, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Geoffrey Rotwein and Ruffin & Rotwein for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, and Herbert F. Wilkinson, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**POCHÉ, J.**—Petitioner Gary Rindak entered pleas of not guilty to all charges contained in an indictment. Moments later he sought and was denied a preliminary hearing. The sole question presented is whether a request for a postindictment preliminary hearing is timely when made seconds after entry of pleas of not guilty. It is.

■　The only analysis necessary is a reading of *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 594 [150 Cal.Rptr. 435, 586 P.2d 916]. There, the California Supreme Court held that a person accused by indictment has a right "to demand a postindictment preliminary hearing *prior to or at the time of entering a plea.*" (Italics added.) Unless redundancy is to be presumed, "prior to . . . entering a plea" means something other than "at the time of entering a plea."

Petitioner's motion made moments after—rather than moments before—his not guilty pleas was obviously not made "before" he entered his plea. But the motion was made "at the time" of entry of plea. In fact, it could not have been made earlier without being made before the

entry of plea unless petitioner has the ability to speak in two voices simultaneously. Accordingly, we find that petitioner's motion was made —within the meaning of *Hawkins*—"at the time of entering a plea" and was therefore timely.

For similar reasons, that is, the same explicit language of the *Hawkins* decision, entry of a plea of not guilty cannot in any sense be construed as a waiver of the right to a preliminary hearing.

Let a peremptory writ of mandate issue to the San Francisco Superior Court commanding it to afford petitioner a preliminary hearing on the indictment in accordance with *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916].

Rattigan, Acting P. J., and Cook J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.